UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

"JOHN DOE 1," "JOHN DOE 2,"
in their individual capacities and
on behalf of others similarly situated,

          Plaintiffs,

v.

M&A PROJECTS RESTORATION INC.,
M&A PROJECTS INC., and
BOGDAN MALINOWSKI, an individual,

          Defendants.

1:18-cv-05194-FB-ST

REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO PROCEED COLLECTIVELY
AND TO PROCEED ANONYMOUSLY

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
**Christopher T. Anderson**
*christopher@andersondodson.com*
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. THERE IS A LIVE CASE AND CONTROVERSY;
THE RULE 68 OFFER DID NOT MOOT THE CASE. ....................................2

   A. THIS MATTER IS NOT CURRENTLY BEFORE THE COURT .............................2

   B. RULE 68 OFFERS IN FLSA ACTIONS ............................................................2

      1. Rule 68 Offers Do Not Moot FLSA Collective Actions
Where Other Plaintiffs Have Expressed a Willingness to Join. .............3

      2. By Insinuating Other Workers' Purported Settlements
Should be Approved, Defendants Have De Facto Joined them
As Party Plaintiffs. ...................................................................................4

   C. RULE 68 OFFERS DO NOT MOOT PUTATIVE RULE 23 CLASS ACTIONS. ........5

   D. DEFENDANTS' ATTEMPTS TO "PICK OFF" PLAINTIFFS IN PUTATIVE
CLASS AND/OR COLLECTIVE ACTIONS ARE RELEVANT....................................9

III. ANONYMITY ....................................................................................................10

IV. ALLEGED SETTLEMENTS .............................................................................11

   A. THESE ARE NOT YET BEFORE THE COURT ..............................................11

   B. DEFENDANT MALINOWSKI'S AFFIDAVIT SHOULD BE STRICKEN.................11

   C. THE SETTLEMENTS OCCURRED OUTSIDE SCRUTINY .................................12

V. THE PROPOSED JUDICIAL NOTICE IS PROPER .......................................15

   A. DEFENSE COUNSEL'S CONTACT INFORMATION SHOULD NOT BE INCLUDED ...15

   B. A SIX YEAR TIME SPAN IS APPROPRIATE ..................................................16

   C. INVITATION FROM PLAINTIFFS TO JOIN ....................................................17

   D. PURPORTEDLY SETTLED ..........................................................................17

   E. WHERE CONSENT FORMS ARE SENT ........................................................18

VI. EQUITABLE TOLLING ....................................................................................18

VII. CONCLUSION .................................................................................................19

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page ii

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' MOTION TO PROCEED COLLECTIVELY AND TO PROCEED ANONYMOUSLY**

COME NOW the Plaintiffs, through counsel, and submit this reply to Defendants' response to Plaintiffs' motions to proceed collectively and to proceed anonymously.[1]

## I. INTRODUCTION

Plaintiffs are construction workers seeking to recover wages and other damages owed to themselves and others similarly situated, utilizing the collective action procedures set forth in the FLSA[2]. 29 U.S.C. § 216(b). Fundamentally, Plaintiffs seek to vindicate their and their coworkers' rights above board, within the Court's purview (as required by *Cheeks* and Rule 23), and in accordance with the procedures afforded under the law. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Defendants, by contrast, have consistently sought to deal under the table, outside of the Court's purview, and in accordance with their own rules of civil procedure. Rather than allowing the workers to pursue their rights collectively and in an orderly fashion, Defendants have sough to "pick off" those who have come forward, in order to thwart the class and/or collective procedural mechanisms that allow for multiple workers to pursue their claims at the same time. At this juncture, the Plaintiffs seek to move the case forward by issuing judicial notice in accordance with FLSA collective procedures. As a mechanism to combat Defendants' "pick off" attempts, they have sought to shield the identities of certain Plaintiffs who have come forward after Defendants made rule 68 offers of judgment to the original two Plaintiffs. For the following reasons, both of Plaintiffs' motions should be granted.

---

[1] Plaintiffs have sought and received permission from the Court to exceed the presumptive page limits. Order, 1/15/21, granting Plaintiff's application at Dkt. 56.
[2] Later, Plaintiffs intend to seek Rule 23 class action treatment for the NYLL claims.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## II.  THERE IS A LIVE CASE AND CONTROVERSY; THE RULE 68 OFFER DID NOT MOOT THE CASE.

Defendants spend a considerable amount of their briefing arguing that the action has been terminated based upon the two original Plaintiffs' acceptance of the Defendants' Rule 68 offers. For the reasons set forth below, this simply is not true. The case remains live and open, and should continue to proceed until properly adjudicated and closed.  In case theCcourt is inclined to entertain their arguments anyway, Plaintiffs offer the following points.

### A.  THIS MATTER IS NOT CURRENTLY BEFORE THE COURT

Preliminarily, the Court ordered that the instant briefing pertain to Plaintiffs' motions regarding collective certification and anonymity. [Order, 12/18/2020: "By December 22, 2020 the plaintiff shall file their fully briefed motion to proceed anonymously and for collective action certification."]. At no time have Defendants filed a motion to dismiss this case. Thus, the arguments they raised in their response pertaining to Rule 68 issues are not before the Court for consideration.

### B.  RULE 68 OFFERS IN FLSA ACTIONS

Defendants argue, in essence, that an accepted Rule 68 offer instantaneously and automatically terminates a case the moment it is filed. There do exist some circumstances in which that might *almost* be true. However, it is certainly not true here, for several reasons. As a review of Supreme Court, Second Circuit, and other caselaw reveals, the Rule 68 offers at issue in this case did not moot the case and controversy because a) this is a putative collective action in which individuals other than the plaintiffs who have received Rule 68 offers have come forward, b) additionally and separately, this is a putative Rule 23 class action, and c) Defendants have engaged in "picking off" activities designed to undermine both of these procedural mechanisms the wage laws have put in place to advance their aims.  Additionally, the clerk did not terminate the case

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 2

upon the filing of the accepted Rule 68 offers. To this day the case remains open, in fact. This was not mere oversight on the clerk's part – it remains open because the case remains justiciable and viable.

1. **Rule 68 Offers Do Not Moot FLSA Collective Actions Where Other Plaintiffs Have Expressed a Willingness to Join.**

In issuing rulings pertaining to the closing of cases where a Rule 68 offer has been made in putative FLSA collective action cases, courts uniformly carve out and distinguish their closures from cases in which other plaintiffs have indicated a willingness to join the action. For example, in the very case cited by Defendants supposedly to support their contention, the court refused to close the case, reasoning: "It is true that an accepted offer of judgment ordinarily requires entry of final judgment terminating the action. [ ]. However, even an accepted offer of judgment does not terminate a case unless it 'satisfies all damages for all plaintiffs.' [ ] Thus, courts 'refuse[] to allow Rule 68 offers of judgment to moot actions where additional plaintiffs have opted in to the FLSA collective action, but have not been made offers of judgment by defendant.' *Id*. That is precisely the situation here." *Gonyer v. Vane Line Bunkering, Inc*., 32 F. Supp. 3d 514 (internal citations omitted) (permitting plaintiffs to file an amended complaint where other plaintiffs opted in the same day other plaintiffs filed acceptance of Rule 68 offers).

Similarly, in *Yeboah v. Central Parking Systems*, 06 CV 0128 (RJD) (JMA), at *6 (E.D.N.Y. Oct. 31, 2007), the Court held that "where no other similarly situated individuals have opted in and the offer of judgment satisfies all damages of the plaintiff, plus all costs and attorney's fees . . . courts have held that a Rule 68 offer of judgment moots an FLSA class [*sic*] action thereby depriving the court of subject matter jurisdiction." [string cite] But where similarly situated individuals have "opted in," courts have refused to permit defendants to moot putative FLSA

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 3

collective actions via Rule 68. [ ] Courts have taken this approach even where as few as two opt-in plaintiffs have come forward. [ ]" (internal citations omitted).

By contrast, in *Louisdor v. American Telecommunications, Inc*., 540 F. Supp. 2d 368, 374 (E.D.N.Y. 2008), the Court reasoned,

> ***Plaintiff's contention that defendants in FLSA collective actions may seek to "pick off" named plaintiffs as a strategy to defeat collective actions does create some reason for concern. In some cases, it may be proper for a court to deny a defendant's motion to dismiss where it is clear that the defendant is using a Rule 68 offer of judgment for the purpose of defeating the plaintiff's right to bring an FLSA collective action under section 16(b) of the FLSA***, 29 U.S.C. § 216(b). However, the instant action is not such a case***. In the two years that Plaintiff's action has been pending, there appears to have been no indication that anyone will join in Plaintiff's suit***, and there is no other evidence to suggest that Defendant is attempting to inappropriately terminate Plaintiff's efforts to bring an action on behalf of similarly situated individuals.

Thus, the inquiry consistently centers around whether other similarly situated individuals have stepped forward. In this case, like in *Gonyer* and the cases cited in *Yeobah*, two other individuals <u>have</u> come forward in this case. Four others did in the related *Calle* case. And Defendants have submitted materials pertaining to dozens of other similarly affected workers. The case and controversy remain live.

**2. By Insinuating Other Workers' Purported Settlements Should be Approved, Defendants Have *De Facto* Joined them As Party Plaintiffs.**

In their brief the Defendants, for the first time, suggest that they wish to seek *Cheeks* approval of dozens of alleged settlements with employees and former employees affected by the wage practices at issue. (Defendants' Brief, p. 9).  This strongly suggests that in addition to the four plaintiffs in this case and the four plaintiffs in the related *Calle* case, there are over a hundred other individuals whom even Defendants implicitly admit were similarly situated enough to

**ANDERSON**DODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 4

warrant paying out hundreds of thousands of dollars to compensate.[3]

These individuals' claims have not yet had *Cheeks* review of their claims. This further underscores the fact that the case and controversy remain live. Even Defendants themselves implicitly want it to be, so that they can obtain this *Cheeks* approval (without which they potentially have no release of any claims). Therefore, Plaintiffs ask that these individuals be deemed *de facto* opt-ins to this case.  Their inclusion would bring their claims aboveboard and within the Court's purview.

**C.  RULE 68 OFFERS DO NOT MOOT PUTATIVE RULE 23 CLASS ACTIONS.**

It is important to parse out the difference between FLSA collective actions and Rule 23 actions in this context. There are separate and distinct reasons why the case remains live under each analysis; they should not be conflated.

In *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359 (E.D.N.Y. 2015), the Court provided a thorough analysis of caselaw surrounding cases involving "pick offs" of named plaintiffs in putative class action cases. After undergoing an extensive analysis of the relevant law, the judge ultimately decided that, despite being tendered an offer of judgment, plaintiffs' claim retained a live controversy, noting "Picking off named plaintiffs by offering them a payout prior to the filing of a class certification motion is not an acceptable practice when it has the effect of preventing a viable class action from proceeding" *Id*. at 411.

Of note, *Berkson* summarized that "The Supreme Court has enunciated an unambiguous rule that an offer of judgment does not render an individual plaintiff's claim moot as long as the plaintiff still has an 'individual interest' in the litigation." <u>citing</u> *Deposit Guaranty Nat'l Bank v.*

---

[3] By way of reminder, Plaintiffs have counted approximately 1200-1500 individuals potentially at issue from Defendants' records.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*                                                                    P's Reply re Motn for Collective Etc.
USDC, Eastern District of New York                                                                                 Page 5

*Roper*, 445 U.S. 326, 340, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *Genesis Healthcare Corp. v. Symczyk*, ––– U.S. ––––, 133 S.Ct. 1523, 1532, 185 L.Ed.2d 636 (2013). This individual interest may include the "interest derived from plaintiffs' desire to shift part of the costs of the litigation to those who would share in its benefits if the class were certified and ultimately prevailed…" *Roper* at 340. It went on to hold that denying "the right to appeal simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs would be contrary to sound judicial determination." *Id.* at 339, 100 S.Ct. 1166. "Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Id*.

*Berkson* noted the way *Smyczyk* had contrasted the FLSA and Rule 23 procedural stances. *Genesis HealthCare Corp. v. Sy*mczyk, — U.S. —, 133 S.Ct. 26, 183 L.Ed.2d 674 (2012). *Smyczyk* came out of the Third Circuit, in a procedural posture whereby plaintiffs had pled FLSA collective allegations and defendants had made an offer of judgment. The Third Circuit found that the individual claim had been rendered moot. The Supreme Court declined to decide the question of whether an unaccepted offer that fully satisfies a plaintiff's claim definitively renders the case moot. Rather, it left in place the Third Circuit's decision that this particular individual's claim was moot, and turned its attention to whether the plaintiff's "action remained justiciable based on the collective-action allegations in her complaint." *Id.* at 1529. Finding that the plaintiff had no personal stake in representing putative and unnamed claimants based upon the mere presence of the collective action allegations, nor any other continuing interest which would preserve her suit because the FLSA's "conditional certification" does not produce a class with independent legal

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 6

status, the Court held that the case was properly dismissed for lack of subject matter jurisdiction. *Id*. at 1529–30, 1532.

However, in so doing, the Supreme Court expressly distinguished this decision from *Roper* (which involved class, not collective, allegations). *Id*. at 1532. It stated: "Roper's holding turned on a specific factual finding that the plaintiffs' possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment." *Id*. The Court also pointed out that class certification under Rule 23 is substantively different than the procedural mechanisms for collective actions under the FLSA. *Id*.

This distinction was part of the reason why the EDNY decided in favor of recognizing the continuation of a live case and controversy in *Berkson*.  Then, *Berkson* went on to summarize relevant Second Circuit holdings on point. *ABN Amro Verzekeringen BV v. Geologistics Am., Inc*., 485 F.3d 85, 95 (2d Cir.2007) (an offer of judgment must fully satisfy the plaintiff's claim; a genuine dispute over whether the offer satisfies the entirety of the claim may, by itself, render case or controversy live), see also *Rivera v. Harvest Bakery Inc.*, 13-CV-691 (ADS)(AYS), at *19 (E.D.N.Y. Jan. 25, 2016) (same); *Cabala v. Crowley*, 736 F.3d 226, 230 (2d Cir.2013) (to moot a plaintiff's claim, the defendant must make an offer of judgment; an offer of settlement is insufficient.).

Here, the offers of judgment did not fully satisfy the two original Plaintiffs' claims. The Defendants made their Rule 68 Offer before they provided time and pay records for the Plaintiffs. They did not proffer records and/or calculations along with their tender of the offer they made. At no time have they come forth with evidence supporting a contention that these offers in fact fully satisfied their claims. Plaintiffs had made a "just and reasonable inference" regarding the measure of their damages and decided that it might be at least close to full compensation, and therefore

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 7

agreed to accept it rather than wait an indefinite duration for litigation to play out.  However, calculations performed after the fact show that in fact the amounts the Plaintiffs received was not full compensation.  Plaintiffs do acknowledge that the Second Circuit has recently held that Rule 68 offers do not require *Cheeks*-like scrutiny for the purpose of satisfying the needs for approving those individual plaintiffs' claims. *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019). However, this does not negate the fact that for Rule 23 and *ABN Amro* purposes, the Defendants have done nothing to satisfy the court that the payments made fully satisfied these two Plaintiffs' continuing personal economic stake in the litigation. Thus for Rule 23 purposes, their claims remain live.

In *ABN Amro*, the Second Circuit held that the district court  had "confused the mootness of an issue with mootness of a case or claim in the Constitutional sense." Id. (emphasis in original). The court elaborated that mootness in the Constitutional sense arises when the parties no longer have a "legally cognizable interest" or "practical personal stake" in the dispute, so that a court's judgment would be unable to "affect the legal rights as between the parties." *Id*.  It held that even though the *issue of liability* was rendered moot by the district court's decision and the defendant's tender of judgment, the *case* was not moot. A "case or controversy" remained over which the district court had subject matter jurisdiction.

Also in *ABN Amro*, the Second Circuit noted that  its district courts are split on the question of whether an offer of judgment to an individual plaintiff made while a certification motion is pending or before a certification motion is filed moots the putative class action. However, relying heavily on a case in volving "pick-off attempts" that ultimately held that "if the action is filed as a class action lawsuit, …. individual settlement will not undermine a plaintiff's status as a legitimate class representative" it found in favor of Rule 68 offers not mootig the putative Rule 23 class action

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 8

case at issue. <u>Citing</u>  *Kagan v. Gibraltar Sav. & Loan Assn.*, 35 Cal.3d 582, 590, 200 Cal.Rptr. 38, 676 P.2d 1060 (Cal.1984).

The reason that the Defendants so badly want the Rule 68 offers to have killed the case is that if they are successful, the "new" plaintiffs would file a separate suit, in 2021, three full years after the inception of the original lawsuit. Absent equitable tolling, the statutory period would therefore extend back only to six years before that filing, i.e. to 2015, rather than six years before the filing of the original suit. This would be an unjust result. (And, if equitable tolling were granted, restoring the original statutory period deadlines, then there would have been a great deal of unnecessary procedural shuffling for no good reason.)

**D.  DEFENDANTS' ATTEMPTS TO "PICK OFF" PLAINTIFFS IN PUTATIVE CLASS AND/OR COLLECTIVE ACTIONS ARE RELEVANT.**

The "pick off" factor is relevant to this analysis as well. As summarized by *Yeboah v. Central Parking Systems*, 06 CV 0128 (RJD) (JMA), at \*6 (E.D.N.Y. Oct. 31, 2007):

> …even if defendants are correct that permitting defendants to "pick off" individual FLSA plaintiffs presents no danger of prejudicing absent class members, as it would in the Rule 23 context, the *Roper* Court described at least two other dangers. [*Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 340, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980)] First, as noted above, the Court declared that permitting such "pick-offs" "obviously would frustrate the objectives of class actions" — that is, enabling plaintiffs to redress wrongs even "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages. . . ." 445 U.S. at 339. Second, the Court observed that permitting pick-offs "would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Id*. Both dangers appear to exist in the FLSA context, as well.

As also noted in conjunction with most of the cases cited above, there is a judicial recognition that defendants' attempts to pick off a smaller group of plaintiffs in order to try to avoid liability on behalf of a larger number of individuals interferes with the procedural mechanisms put in place specifically to allow for more affected individuals to pursue their claims at once. Here, Defendants have made a consistent effort to do just that. This fact, combined with

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 9

the fact that other individuals have come forward (including both the two "Doe" plaintiffs and the dozens whose information Defendants have provided) and that there is a putative Rule 23 class at issue, means that the case remains live.

In addition to the foregoing reasons, keeping the current case open promotes judicial efficiency, as noted in *Roper*. Closing this case would only have the net effect of causing the plaintiffs to re-file, seek related status, and then seek equitable tolling. This would cause delay and unnecessary procedural maneuvering for no good reason. This waste of judicial resources is unwarranted.

## III. ANONYMITY

Were it not for Defendants' "pick off" attempts, anonymity would not be necessary here. Their bad behavior needs to be addressed. Anonymity is one procedural method the Court has available to it to accomplish this. Were the court not inclined to utilize that method – or in addition – Plaintiffs reiterate their request that the Defendants be barred from communicating with workers about these issues. [Dkt. 45].

The potential harm of disclosure of identities is less to the plaintiffs themselves individually and more to the class of similarly situated individuals whose rights may be squelched/foregone if these plaintiffs are picked off, paid off, and dismissed out of the case in such a way as to prevent procedural developments that would bring in the rest of the workers at issue.

Defendants argue that one reason for disclosure is so that they can check to see whether they have already settled with the defendants. While denying that this is the case, since no *Cheeks* review has occurred for any of the putative releasees, no claims have yet been released for anyone.

Further, credibility of the named plaintiffs is not particularly important here. Even if they were (*arguendo*) lyin', stealin', cheatin' good-for-nothing scumbags, that doesn't change the fact

**ANDERSON**DODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 10

that the Defendants' own records bear out massive wage underpayments to hundreds of workers. Therefore, for the reasons previously articulated, these Plaintiffs' identities should remain anonymous at least for the time being.

## IV. ALLEGED SETTLEMENTS

### A. THESE ARE NOT YET BEFORE THE COURT

Again, the Court has ordered that the briefing pertain to Plaintiffs' motions regarding collective certification and anonymity. [Order, 12/18/2020]. At no time have Defendants filed a motion to approve these alleged settlements pursuant to *Cheeks*. By letter motion dated July 6, 2020 Plaintiffs' counsel had asked for a pre-motion conference to discuss a motion to disapprove these purported settlements. [Dkt. 45]. However, no such conference has yet occurred, nor have we been directed to engage on briefing on this issue. Thus, Defendants' arguments pertaining to the Settlements between the Defendants and employees are not before the Court for consideration. If the Court is inclined to consider these arguments, then we ask the Court to allow for separate briefing on the matter. This would likely entail submitting evidence to the court as to why the purported settlements are insufficient, based on calculations based on Defendant's own records.

### B. DEFENDANT MALINOWSKI'S AFFIDAVIT SHOULD BE STRICKEN.

In support of their Response, Defendants submitted an "Affidavit in Opposing to Plaintiffs' Motions to Proceed Anonymously, Conditionally Certify and Nullify Settlement Agreements." From an evidentiary perspective, this should be stricken in its entirety, as its contents do not contain factual statements known to the affiant. They consist largely if not entirely of legal conclusions and arguments made by his counsel, not facts.

In addition, attached to it are two exbibits. As to the first, the declarant attests, "Attached hereto as Exhibit 'A' are copies of the affidavits of each settling current or former employee

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 11

attesting to receiving payment." Exhibit A consists of 5 pages. The affiant says nothing about Exhibit B, which consists of hundreds of pages, including spreadsheets of unknown origin and various other documents purporting to be related to alleged settlements with other employees. To the extent that these identify certain workers to whom Defendants acknowledge that wages are owed, they can be construed as *de facto* opt in forms. However, to the extent that they purport to attest to providing evidence regarding how the calculations were made, what the circumstances were surrounding the alleged acceptance, or any other similar issues, they should be deemed inadmissible.

### C.  THE SETTLEMENTS OCCURRED OUTSIDE SCRUTINY

Defendants ask the Court to go ahead and approve a litany of purported settlements they have supposedly made with workers.  For starters, much of Defendants' arguments center around the Defendants and/or their counsel (only) testifying about how the settlements were reached. Then, the cases to which Defendants cite standing for the proposition that courts should respect and uphold private settlements pertain to settlements occurring outside the wage and hour context. As *Cheeks* makes abundantly clear, FLSA settlements are fundamentally different from other kinds of settlements. This case provides a poster child exemplar of why *Cheeks* scrutiny is necessary.

The problem with the alleged settlements are not that they occurred outside of the presence of the undersigned counsel or this firm. The primary problem is that, but for this case, these never would have been brought to the Court's attention – if they had occurred at all - and therefore would very likely have fallen wholly outside the Court's purview. Further, the other problem is that we are all meant to accept Defendants' and defense counsel's word that their calculations were correct and that the settlements were fair, without scrutiny by counsel advocating on their behalf. In so doing the Defendants *de facto* seek to create their own internal Star Chamber whereby to judge

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 12

the reasonableness of these purported settlements. Stated somewhat less dramatically, FLSA settlements may be approved if they are reached as a "result of contested litigation to resolve bona fide disputes." *Toure v. AmeriGroup Corp.*, No. 10 CV 5391, 2012 WL 3240461, at *4 (E.D.N.Y. Aug. 6, 2012). The adversarial nature of an FLSA dispute is generally considered to be evidence of the fairness of the settlement. *Khait v. Whirlpool Corp.*, No. 06 CV 6381, 2010 WL 2025106, at *7 (E.D.N.Y. Jan. 20, 2010). Here, Defendants would have both putative class counsel (whose obligation it is to protect and advocate for the interests of the class) and the Court to simply take their word for it. Class counsel has painstakingly done the math, to the extent possible given the records available. Comparing those to the purported settlements reached, there are vast disparities between what was allegedly paid and what appears to be owed – and ones not in the employees' favor, to be sure.

As just a couple of examples chosen completely at random[4], let's examine the Defendants' calculations versus Plaintiffs' counsel's:

- Gerardo Llange (D11658-11660) – Defendants show a check showing they paid him $1,428.50. By Plaintiff's calculations, in back wages alone (not including liquidated damages), he is owed either $26,611.45 or $20,157.02 (we have calculated damages two different ways).

- Kakha Kudzhaidze (D11692-11694) Defendants show a check showing they paid him $177.50. By Plaintiff's calculations, in back wages alone (not including liquidated damages), he is owed either $19,380.79 or $14,665.15

- Santos Melgar (D11731-11733) Defendants show a check showing they paid him $60.00 By Plaintiff's calculations, in back wages alone (not including liquidated damages), he is owed either $16,460.47 or $12,597.71

---

[4] These have not been cherry picked. Counsel flipped to these three from Defendants' Exhibit B for these purposes, and to no others.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*                                                                 P's Reply re Motn for Collective Etc.
USDC, Eastern District of New York                                                                          Page 13

In *Berkson*, another rationale for the Court deciding that a case and controversy remained live despite the defendants' attempts to "pick off" the plaintiffs was that there had been a violation of the "no-contact rule.": "Obtaining a tactical advantage by knowingly contacting a represented party without notifying her lawyer is impermissible. It will lead courts, when necessary, to protect the integrity of dispute resolution, including discounting the relevance of actions taken in violation of the rule." *Berkson,* 97 F. Supp 3d at 411.

Plaintiffs' counsel appreciates that Defendants acknowledge their obligation to pay attorney fees pursuant to the mandatory language in 29 U.S.C. § 216(b), but that is not the only thing the undersigned is concerned about. Defendants attempt to cast aspersions toward Plaintiffs' counsel by making wholly unfounded statements like "The subject motions, however, are a transparent attempt to increase attorney's fees by wasteful motions in a non-existent action." (Decl. of Malinowski, ¶ 9). The Court can take up the reasonableness of any attorneys fees in due course.

If the Defendants do have a will and desire to make an investment of hundreds of thousands of dollars (in purported settlements that could actually be deemed unenforceable and subject to retention by the recipients without a release of any claims), why not simply be above board, come to a settlement with the advice and input of counsel on both sides and provided to the Court for its review? Why all the underhanded chess moves?  The answer is obvious: payouts of supposedly $400,000 may be substantial, but the liability could potentially be many times that amount. If they can get away with paying out a fraction of the total amount, then they will have saved potentially millions of dollars – at the expense of their workforce, who are all to glad to accept a couple thousand dollars in exchange for a signature on a piece of paper, especially during these precarious economic times. This is precisely why the Court must have oversight, and why allowing the workers to have advocates for their interests is so important. For this reason, these individuals

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 14

whose information has been provided to the Court from Defendants' submission should be deemed *de facto* opt-in Plaintiffs, and to the extent there has been a motion raised regarding *Cheeks*, approval of the alleged settlements should be denied.

## V. THE PROPOSED JUDICIAL NOTICE IS PROPER

Defendants have raised several objections to the proposed notice in their briefing, despite the fact that it was initially provided to them for discussion and eventual stipulation in 2018. For the following reasons, each of their objections should be denied.

### A. DEFENSE COUNSEL'S CONTACT INFORMATION SHOULD <u>NOT</u> BE INCLUDED

Plaintiffs strongly object to the inclusion of Defendants' attorneys' contact information. Including it would have the strong potential to mislead recipients. While some decisions have allowed for defense counsel's contact information, the majority have not. Defendant cites cases from 2003, 2007, and 2009. In the past decade, however, more and more judges have realized that it is not just not necessary, but actually inappropriate, for defense counsel's contact information to be provided. After all, defense counsel would not be the ones representing the recipients.

Noting that "there is a split among district courts as to whether the inclusion of defense counsel's contact information is appropriate" (citing cases from around the country) and that "Courts declining to order the inclusion of defense counsel's contact information generally cite ethical concerns about post-certification communication between defense counsel and class members," a district judge in *Garcia v. TWC Admin., LLC* found  "inclusion of defense counsel's contact information [to be] unwarranted." Case No. 14-CV-985-DAE (W.D. Tex. Apr 16, 2015). <u>See also</u> *Harris v. Vector Mktg. Corp.*, 716 F.Supp.2d 835, 847 (N.D.Cal.2010) ("Including contact information for defense counsel in the class notice risks violation of ethical rules and inadvertent inquiries, thus engendering needless confusion.").  Some courts phrase their reasoning even more

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 15

vociferously, such as one Court stating that "there is no basis in law or logic" for including defense counsel's name and contact information in the notice. *Gambo v. Lucent Techs., Inc.*, 2005 WL 3542485, at *7 (N.D.Ill.Dec. 22, 2005). Plaintiffs here contend that putative plaintiffs should not be encouraged to contact attorneys who not only could not represent them in this action but are actively representing parties in conflict with the putative plaintiffs' interests.

Defendants herein do not set forth arguments as to why they believe it would be appropriate to include the recipients' attorneys' contact information. Providing contact information for only the attorneys who could or would ultimately represent their interests is neither misleading nor improper. Therefore, Defendants' request on this front should be denied.[5]

### B. A SIX YEAR TIME SPAN IS APPROPRIATE

As previously mentioned, there is a divide as to whether a three year or six year time period is more appropriate in a hybrid NYLL/FLSA case. However, Courts in this district routinely allow notice to be distributed to the members of the six-year period in order to avoid confusion. *Anjum v. J.C. Penney Co.*, 13 CV 460 (RJD) (RER), at *20 (E.D.N.Y. Jun. 5, 2015), *Cohan v. Columbia Sussex Mgmt., LLC*, No. 12-CV-3203 (JS) (AKT), 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013).

The important thing to keep in mind is that, as previously argued, the purpose of the notice is for education and an opportunity to participate in order to vindicate rights. Just because somebody reads a notice and submits their form does not necessarily mean they meet the criteria

---

[5] If this Court disagrees, Plaintiffs suggest that the notice could contain a simple statement that Defendants are represented by their own counsel, and leave it at that. In the alternative, should this Court decide that inclusion of information about defense counsel be included, Plaintiffs ask that it be limited to identification of the attorneys by name and firm name. As a last resort, should the Court hold that inclusion of their contact information is appropriate, plaintiffs ask that language similar to the following be included as it was in another EDNY case: ""if you decide to join this case, you should not contact the defendants' lawyer directly yourself." *Cherif v. Sameday Delivery Corp.*, 13-CV-1341 (RJD)(MDG) (E.D.N.Y. Sep 30, 2015).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*                                                    P's Reply re Motn for Collective Etc.
USDC, Eastern District of New York                                                                  Page 16

to be eligible to receive proceeds under any eventual settlement or judgment. However, on balance, it is better to cast the net too widely and then throw some of the caught fish back, than to not cast it widely enough. As many court decisions have recognized, using the six year timeframe is likely to lessen confusion among the recipients.

### C. INVITATION FROM PLAINTIFFS TO JOIN

Defendants object to four Plaintiffs inviting the recipients to join the case, but the exact language with which they actually take issue is unclear. The word "invite" does not occur anywhere in Plaintiffs' proposed notice. It also does not name any of them. It simply says that four individuals sued the Defendants, which is true. Further, as this is a judicial notice, if anything it is an invitation by the Court to join this action. Plaintiffs do not believe that any of the language in the notice needs to be changed in response to this vague contention.

### D. PURPORTEDLY SETTLED

In the proposed notice, Plaintiffs state that "Also, even if you have accepted money as a 'settlement' related to your wages  you are still eligible to submit your claim form." In the Q&A part, it says, "Q: Can I participate in this claim even if I have accepted money and/or signed a release of claims related to my wages with M&A? A: Yes.  If you have signed any documents or entered into any kind of 'settlement' with M&A related to your wages, you may still submit a claim form in this case. If a court of law has not formally approved the agreement, the settlement might not be valid and/or you could be entitled to receive additional money." This is stated forthrightly and is consistent with the law. It does not indicate that they will be definitely entitled to additional money. Rather, it simply invites them to submit their forms, so that they will at least be eligible to receive additional damages should there be a recovery that would give them that entitlement and nothing else had fully barred their claims.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 17

### E. Where Consent Forms Are Sent

Counsel for plaintiffs – in both this and other firms - routinely accept and file plaintiffs' consent forms in FLSA actions. Defendants want plaintiffs to send them to the court clerk instead.

In the Q&A section, the notice makes it clear that participants can choose to be represented by other counsel, but will not be left without a lawyer if they do not do so ("The existing Plaintiffs and any others who may join this action will be represented by AndersonDodson, P.C. unless you specify that you want someone else to represent you and make arrangements accordingly."). Thus, as was found in response to a similar argument in the Eastern District, "Here, the Notice plainly provides that '[y]ou have the right to retain your own counsel.' Given this plain language, the chance of a reasonable reader being unfairly discouraged from seeking other counsel is *de minimis* at best." *Dilonez v. Fox Linen Service Inc*., 35 F. Supp. 3d 247 (EDNY 2014) (noting a split on the issue and ultimately holding that "in light of the budgetary constraints and financial limitations faced by the federal courts, the more practicable and efficient method of opting in is for the consent forms to be sent to plaintiffs' counsel."), citing *Ritz v. Mike Rory Corp*., 2013 WL 1799974 (EDNY 2013).

## VI. EQUITABLE TOLLING

Attendants argue that equitable tolling should not be granted. Incredibly, in their response to Plaintiffs' arguments that the statutes of limitations should be tolled, Defendants attempt to testify factually as follows: 'Defendants contend their employees knew they were entitled to overtime pay, as they received same and their pay stubs reflected same." In addition to constituting an improper assertion of fact, each of these clauses is patently false (it is dubious at best that all 1200-1500 affected workers, many of whom are of limited English proficiency, had a firm grasp

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 18

on their overtime pay rights; they did in fact NOT receive overtime pay; and their pay stubs were overtly falsified to show that no overtime had even been worked).

To suggest that "they should have known better" is contrary to the spirit of the FLSA's judicial notice mechanism. Regardless, Defendants' response misses the point. But for delays caused by the court's busy docket, litigation delays, and the pandemic slowing things down for everyone more than usual, judicial notice likely would have gone out a long time ago, and other employees would have opted in soon thereafter. There is a procedural mechanism available to remedy that: equitable tolling. See *Flood v. Carlson Rests. Inc*., 2015 WL 260436, at *6 (S.D.N.Y. Jan. 20, 2015) (granting equitable tolling for opt-in plaintiffs "in light of Plaintiffs' diligence in pursuing the FLSA claims on behalf of putative opt-ins"); *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 346-47, 354-57, 2017 WL 2473252, at *1, *8-9 (S.D.N.Y. June 8, 2017); *Varghese v. JP Morgan Chase & Co*., 2016 WL 4718413, at *10-11 (S.D.N.Y. Sept. 9, 2016); *Tubiak v. Nielsen Co. (U.S.), LLC*, 2016 WL 796861, at *4 (S.D.N.Y. Feb. 25, 2016); *Reyes v. N.Y. F&B Serv. LLC*, 2016 WL 796859, at *5 (S.D.N.Y. Feb. 22, 2016).

Thus, for the reasons previously argued, equitable tolling is appropriate here.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiffs reiterate their request that the Court grant Plaintiffs' motion to proceed collectively, require Defendants to produce contact information for the putative class members, and allow for appropriate distribution methods for judicially approved notice. Plaintiffs also ask that the statute of limitations be tolled as of the date of the filing of the Complaint in this action (September 14, 2018) [or in the alternative, Plaintiffs as of some other reasonable date set in this Court's discretion (such as the date Plaintiffs' counsel sought

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

"Doe" v. M&A et al.
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 19

stipulation of this motion on October 30, 2018, or at the very least on the date the letter motion was filed on November 30, 2018].

Plaintiffs ask the Court to permit the two "Doe" plaintiffs to proceed anonymously, at least until the end of the "opt in" period (with leave to renew if warranted). Should the Court deny this request, Plaintiffs ask for appropriate injunctive relief in order to redress Defendants' attempts to "pick off" individual workers in such a way as to thwart attempt to provide class-wide relief for the similarly affected workers.

Plaintiffs ask that the Court disregard Defendants' untimely arguments regarding the Rule 68 offers or in the alternative to deny their implicit request to close the case. Similarly, Plaintiffs also ask that Defendants' arguments related to the purported settlements with other workers be disregarded for the present since they were not within the scope of the briefing ordered by the Court. However, should these be considered, Plaintiffs ask that a) all individuals be deemed opt-ins to the case, b) that the purported settlements be disapproved entirely, with no provision for the defendants to recover any sums paid out to any of these individuals.

Above all, Plaintiffs seek the orderly and above-board adjudication of this case. Plaintiffs ask that others be notified of this action and brought into the fold, and that a settlement, if any, comport with *Cheeks* and be subject to the Court's scrutiny.

Respectfully submitted, this **26th** day of **January, 2021.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*"Doe" v. M&A et al.*
USDC, Eastern District of New York

P's Reply re Motn for Collective Etc.
Page 20