UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
MALIK NYARKO and BOBAKARY JAITEH,
in their individual capacities and on behalf
of others similarly situated,

        Plaintiffs,

  -against-

M&A PROJECTS RESTORATION INC.,
M&A PROJECTS INC., and
BOGDAN MALINOWSKI, and individual,

        Defendants.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-05194-FB-ST

*Appearances:*
*For the Plaintiffs*:
CHRISTOPHER T. ANDERSON
AndersonDodson, P.C.
196 Alps Road
Ste Pmb 225
Athens, GA 30606

PENN ANDERSON DODSON
AndersonDodson, P.C.
11 Broadway
Suite 615
New York. NY 10004

*For the Defendants*:
RICHARD MICHAEL HOWARD
Meltzer Lippe Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501

**BLOCK, Senior District Judge:**

    Malik Nyarko and Bobakary Jaiteh, in their individual capacities and on behalf of others similarly situation (together, "Plaintiffs"), brought this action against M&A Projects Restoration Inc., M&A Projects Inc. and Bogdan

1

Malinowski (together, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"). On September 13, 2021, Magistrate Judge Steven Tiscione issued a Report and Recommendation ("R&R"), recommending that the Plaintiffs' pending Motion to Proceed Anonymously be denied and Motion to Proceed Collectively be granted. *See* ECF No. 59 at 1. Defendants timely objected to the R&R's finding that the Motion to Proceed Collectively be granted. In addition, Plaintiffs timely objected to the R&R's recommendations that Plaintiffs should not be permitted to proceed anonymously, that defense counsel's contact information may be included in the notice provision and that the consent forms should be returned to the Clerk of Court rather than to Plaintiffs' counsel. These objections trigger the Court's *de novo* review. *See* 28 U.S.C. § 636(b)(1). For the following reasons, the Court overrules the objections.

## I.

Because neither Plaintiffs nor Defendants challenge the Magistrate Judge's recitation of the facts, and the Court finds no clear error in that recitation, the Court incorporates the "Background" section of the Magistrate Judge's Report and Recommendation into this Order. *See* ECF No. 59 at 2-3. *See also J.E. ex. rel. Edwards v. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516, 525 (E.D.N.Y. 2012) (the Court "may. . . review for clear error. . .those portions of a report and recommendation to which no specific objections are addressed").

## II.

Defendants challenge two of the Magistrate Judge's legal conclusions. First, they argue that they are entitled to dismissal based on Federal Rule of Civil Procedure ("FRCP") 68 because the parties filed an Offer of Judgment with the Court on or about the same day that Plaintiffs moved to allow an unnamed plaintiff to proceed anonymously. ECF 60 at 1-2. Second, Defendants take issue with the Magistrate Judge's finding that notice may be provided to employees who have reached settlement agreements with Defendants.

### A. The Magistrate Judge Properly Found that FRCP 68 Does Not Entitle Defendants to Dismissal.

Defendants argue that the "unambiguous language" of FRCP 68 requires dismissal because Defendants served an Offer of Judgment on Nyarko and Jaiteh, which they accepted. ECF 60 at 1. The same day that the acceptance was filed with the Court, Plaintiffs' counsel filed an Amended Complaint adding an unnamed plaintiff, John Doe 1, in the place of Nyarko and Jaiteh. ECF 14 at Ex. 1. Plaintiffs later filed a Declaration and Consent to Join of an Individual, adding John Doe 2 to the action. ECF 52. Defendants believe that the Amended Complaint is moot because it was filed the same day that the acceptance of the Offer of Judgment was filed, and FRCP 68 indicates that the Clerk must enter judgment when a party files an acceptance. *See* Fed. R. Civ. P. 68(a). The rule states, "If, within 14 days after

3

being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The Clerk must then enter judgment." Fed. R. Civ. P. 68(a). Defendants also provide a lengthy discussion of *Mei Xing Yu v. Hasaki Rest., Inc.* and its progeny in their objection, arguing that *Mei Xing Yu* "made certain principles of law quite clear." ECF 60 at 4; *See Mei Xing Yu*, 944 F. 3d. 395 (2d Cir. 2019). They also accuse the Magistrate Judge of "essentially add[ing] terms" to FRCP 68. ECF 60 at 3.

The Court finds the Defendants' arguments regarding the effect of Rule 68 on this action unconvincing and adopts the well-reasoned recommendations of the Magistrate Judge's R&R in this respect.

In *Mei Xing Yu*, the parties filed an Offer of Judgment and its acceptance with the district court. *See Mei Xing Yu*, 944 F. 3d. 395 (2d Cir. 2019). The district court then *sua sponte* ordered parties to submit the settlement agreement to the court for a fairness review and judicial approval. *Id* at 398. The Second Circuit reversed, finding that judicial approval of an Offer of Judgment is not required by Rule 68. *Id.* This set of facts differs significantly from the facts in this case. The Court did not ask the parties to submit a settlement agreement for fairness review. Further, the Magistrate Judge did not suggest that judicial review of the Offer of Judgment accepted by Nyarko and Jaiteh was necessary. The question here is not whether Rule 68 mandates judicial review of an Offer of Judgment, as in *Mei Xing*.

Rather, the question is whether there existed a plaintiff who was not covered by the Offer of Judgment, preventing the Court from dismissing the case.

The Magistrate Judge correctly found that there was. The addition of John Doe 1 to the action prevented dismissal of the case, since he was not included in the Offer of Judgment provided to Nyarko and Jaiteh. *See Gonyer v. Vane Line Bunkering, Inc.*, 32 F. Supp. 3d 514, 517 (explaining that an accepted Offer of Judgment does not terminate a case unless the Offer of Judgment satisfies all damages for all plaintiffs); *see also Louisdor v. American Telecomms., Inc,* 540 F. Supp. 2d 368, 374 (E.D.N.Y. 2008) (stating that even the existence of potential plaintiffs who express interest in opting in to the action prevents an FRCP 68 Offer of Judgment from mooting it). The Court agrees with the Magistrate Judge's finding that there was an additional plaintiff at the time that the acceptance of the Offer of Judgment for Nyarko and Jaiteh was filed with the Clerk, preventing an entry of judgment. Defendants are therefore not entitled to dismissal on these grounds and the Motion to Proceed Collectively is granted.

**B. The Magistrate Judge Correctly Allowed Settling Employees to Submit Claim Forms.**

In their Motion to Proceed Collectively, Plaintiffs seek approval of their notice procedures. The Court has broad discretion to decide the form of court-

authorized notice provisions. *See Sobczak v. AWL Indus., Inc.,* 540 F. Supp. 2d 354, 364 (E.D.N.Y. 2007). Plaintiffs proposed the following language to the Q&A section of the proposed notice provision:

> Can I *participate* in this claim even if I have accepted money and/or signed a release of claims related to my wages with M&A? Yes. If you have signed any documents or entered into any kind of "settlement" with M&A related to your wages, you may still submit a claim form in this case. If a court of law has not formally approved the agreement, the settlement might not be valid and/or you could be entitled to receive additional money.

Proposed Notice at 4 (emphasis added). The Magistrate Judge found that this language was appropriate so long as the word "participate" in the above question be replaced with the phrase "submit a claim." Doing so would prevent ambiguity, since the Court takes no position as to the enforceability of any existing settlements between potential opt-ins and Defendants.

Defendants object to the inclusion of potential opt-ins who already have settlement agreements and rely on a lengthy argument regarding the enforceability of such settlement agreements. ECF 60 at 9-11. However, the question of enforceability of any settlement agreement already made is not before the Court. The notice provision clearly states that potential opt-ins "may" submit a claim form and that they "could" be entitled to receive additional money, not that they are entitled to anything or have a right to inclusion in the suit. Proposed Notice at 4. The Magistrate Judge further clarified to these potential opt-ins that there is no

6

guarantee of their inclusion in the class by removing the word "participate" from the aforementioned Q&A section of the notice provision. ECF 59 at 29. The provision makes no judgment as to the validity of any existing settlements, and therefore Defendants' argument lacks merit. As revised, the notice provision appropriately conveys the overarching policies of the FLSA's collective suit provisions and provides potential opt-ins with accurate and timely notice. *See Hernandez v. Immortal Rise, Inc.*, 2012 WL 4369746, at *6 (E.D.N.Y. Sept. 24, 2012) (holding that "Courts have broad discretion to craft appropriate notices that effectuate the overarching policies of the collective suit provisions [of the FLSA] and provide employees with accurate and timely notice concerning the pendency of the collective action"). Accordingly, the Court adopts the reasoning of the R&R and suggestion of the Magistrate Judge with regard to the wording of the notice provision.

### III.

Plaintiffs object to three of the Magistrate Judge's findings. First, they argue that Plaintiffs should be able to proceed anonymously, at least until an Amended Complaint is filed. Second, Plaintiffs argue that defense counsel's contact information should not be included in the notice provision because it may confuse potential plaintiffs and lead them to believe that defense counsel can provide them with further information about the action. Third, Plaintiffs argue that for reasons of

convenience to potential plaintiffs and to prevent confusion, consent forms should not be returned to the Clerk of Court, but to Plaintiffs' counsel.

## A. The Magistrate Judge Properly Weighed the *Sealed Plaintiff* Factors in Finding that Plaintiffs May Not Proceed Anonymously.

Plaintiffs object to the Magistrate Judge's recommendation that the Motion to Proceed Anonymously be denied, but provide no argument as to why they object. ECF 61 at 1-2. They instead merely suggest a compromise: that Plaintiffs be allowed to proceed anonymously until the opt-in period expires, stating that "neither the Defendants nor the John Does will be prejudiced by doing it this way." ECF 61 at 2.

There are certain limited exceptions to the requirement of FRCP 10(a) that a complaint must name all parties. *See Sealed Plaintiff v. Sealed* Defendant, 537 F. 3d 185, 188 (2d Cir. 2008) (quoting *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F. 3d 678, 685 (11th Cir. 2001)) (elaborating the non-exhaustive list of factors that a district court should consider to determine if a party should be permitted to proceed anonymously). The Court finds persuasive the reasoning in the Magistrate Judge's R&R with regard to the application of the *Sealed Plaintiff* factors to the facts at hand, and after *de novo* review, adopts it in whole. Accordingly, the Court finds that the Motion to Proceed Anonymously is denied.

## B. The Magistrate Judge Properly Found It Appropriate to Include Defense Counsel's Contact Information in the Notice Provision.

As previously stated, Plaintiffs seek approval of the proposed notice provision within their Motion to Proceed Collectively. Defendants argue that defense counsel's contact information should be included in the notice, and the Magistrate Judge agreed. Plaintiffs object, arguing that inclusion of defense counsel's contact information may create confusion among potential opt-ins and lead them to contact defense counsel in the mistaken belief that all lawyers listed in the provision are equally able to assist them. ECF 61 at 3-4.

Plaintiffs point out that there are cases in this district holding that inclusion of defense counsel's contact information in the notice provision is not necessary to render FLSA notice fair. *See, e.g., Gurrieri v. County of Nassau*, 2019 WL 2233830, at *11. However, case law in the Second Circuit weighs toward finding that inclusion of defense counsel's contact information is appropriate, and that it should be clearly delineated as such to avoid any confusion. *See, e.g., Bittencourt v. Ferrara Bakery & Café Inc.,* 310 F.R.D. 106, 118 (S.D.N.Y. 2015); *Sultonmurodov v. Mesivita of Long Beach*, 2015 WL 5918415, at *3 (E.D.N.Y. Oct. 9, 2015). The Court agrees with the R&R that it is appropriate here to include defense counsel's contact information in the notice and finds the Magistrate

9

Judge's suggested language to accompany the contact information reasonable. Accordingly, the Magistrate Judge's recommendation is adopted.

## C. The Magistrate Judge Properly Decided that Consent Forms Should Be Returned to the Clerk of Court Rather than to Plaintiffs' Counsel.

Plaintiffs object to the Magistrate Judge's recommendation that recipients return completed consent forms not to Plaintiffs' counsel, as they had suggested in their proposed consent form, but to the Court. *See* Proposed Consent. Defendants argue that directing potential opt-ins to return consent forms to Plaintiffs' counsel could improperly discourage them from seeking their own counsel. Courts in the Second Circuit are split on this issue. *See Dilonez v. Fox Linen Serv., Inc.*, 35 F. Supp. 3d 247, 257 (E.D.N.Y. 2014). The most common practice in the Circuit, however, is to direct potential class members to return their completed consent forms to the Clerk of Court. *See Williams v. TSU Glob. Servs. Inc.,* 2018 WL 6075668, at *8 (E.D.N.Y. Nov. 20, 2018). The Magistrate Judge found that returning the forms to Plaintiffs' counsel could improperly discourage potential class members from seeking outside counsel. *See Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 84-85 (E.D.N.Y. 2008) (holding that consent forms should be sent to the Clerk of Court to avoid discouraging class members from obtaining outside counsel). After review, the Court agrees with the reasoning and conclusion elaborated by the Magistrate Judge in the R&R and accordingly adopts the same.

10

## CONCLUSION

The Plaintiffs' and Defendants' objections to the Magistrate Judge's Report and Recommendation are **OVERRRULED**, and the Report and Recommendation is **ADOPTED** in full.

**SO ORDERED.**

                                                     _/S/ Frederic Block_____
                                                     FREDERIC BLOCK
                                                     Senior United States District Judge

Brooklyn, New York
September 30, 2021