UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NYARKO, ET AL.,

                        Plaintiffs,            **MEMORANDUM AND ORDER**

   -against-                                       18-CV-05194 (ST)

M&A RESTORATION & PROJECT, ET AL.,

                        Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Malik Nyarko ("Nyarko") and Bobakary Jaiteh ("Jaiteh"), in their individual capacities and on behalf of others similarly situated (together, "Plaintiffs"), commenced this action against M&A Projects Restoration Inc. ("M&A"), M&A Projects Inc., and Bogdan Malinowski ("Malinowski") (together, "Defendants") on September 14, 2018. Plaintiffs allege Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, as well as New York Labor Law ("NYLL") Article 19, § 650, *et seq.*, and that Defendants engaged in fraudulent reporting on Plaintiffs' tax forms. Eventually, the Parties reached a settlement, and on February 28, 2024, this Court granted Plaintiffs' unopposed motion for the settlement agreement's final approval.

       Before the Court is Plaintiffs' motion to recover attorneys' fees and costs as a portion of the settlement. For the reasons set forth below, the Court GRANTS Plaintiff's motion for attorneys' fees. The Court awards $742,500.00 in attorneys' fees and costs.

## BACKGROUND

       This case's underlying factual allegations were set forth in the Court's prior opinion on the motion to proceed anonymously. *See Nyarko v. M&A Projects Restoration Inc.,* No. 18-CV-05194

(FB) (ST), 2021 WL 4755602, at *1 (E.D.N.Y. Sept. 13, 2021), *report and recommendation adopted*, 2021 WL 4472618 (E.D.N.Y Sept. 30, 2021).

To summarize the relevant procedural history, Plaintiffs commenced this action against Defendants on September 14, 2018. *See generally* Compl., ECF No. 1. Eventually, the Parties reached a settlement agreement, which the Court preliminarily approved on October 18, 2024. *See* Minute Entry, dated October 21, 2024, ECF No. 160. On February 28, 2025, the Court approved the final settlement agreement, finding that the agreement was fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and otherwise satisfied the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* Minute Order, dated February 28, 2025, ECF No. 175.

Virginia & Ambinder, LLP, and Anderson Dodson, P.C. (together "Class Counsel"), seek a total of $742,500.00 in attorneys' fees out of a settlement fund of $2,250,000.00. The Settlement agreement allows for Class Counsel to be reimbursed for attorney's fees and costs from the settlement fund, but the amount must not exceed one-third of the settlement amount. Settlement Agreement at 14, ECF 159-2.

## LEGAL STANDARD

A court may calculate a reasonable attorney's fee either by awarding a percentage of the settlement or by determining the lodestar amount. *Ying v. All-Ways Forwarding of N.Y. Inc.,* No. 20-CV-6242 (ENV) (MMH), 2025 WL 968586, at *13 (E.D.N.Y. Mar. 31, 2025). A court applying either method should consider the following, so-called "*Goldberger* factors": "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation …; (4) the quality of representation; (5) the requested fee in relation to the

settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000).

## DISCUSSION

### I. Percentage of Recovery

Courts in this Circuit typically approve fee awards representing one-third of the total recovery in collective actions. *See Flores v. CGI Inc.,* No. 22-CV-350 (KHP), 2022 WL 13804077 at *10 (S.D.N.Y. Oct. 21, 2022) (collecting cases). Class Counsel's request of $742,500.00 out of a settlement fund of $2,250,000.00 represents 33% of total recovery and is therefore reasonable. *See Ying*, 2025 WL 968586, at *14 (citing *Schutter v. Tarena Int'l, Inc.*, No. 21-CV-3502 (PKC), 2024 WL 4118465, at *13 (E.D.N.Y. Sept. 9, 2024)).

### II. *Goldberger* Factors

The majority of the *Goldberger* factors further favor approval of the attorneys' fees.

First, the time and labor expended by counsel favors approval of fees. Class Counsel has spent significant effort to achieve settlement by thoroughly investigating the claims and defenses, reviewing and analyzing comprehensive wage and hour records, engaging in private mediation, and conducting settlement discussions with opposing counsel. *See* Ambinder, Dec. Supp. at ¶5-6; Dodson, Dec. Supp. at ¶6, 8, 26-68. According to Class Counsel's submission, Class Counsel and counsel's support staff, have spent "more than 2,497.62 hours prosecuting this case through settlement", which does not include future hours working on settlement distribution. Pl's. Mem. Supp. at 5. Accordingly, the first factor supports the reasonableness of the requested fees.

Second, the magnitude and complexity of FLSA cases also favor approval. "FLSA claims typically involve complex mixed questions of fact and law". *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 479 (S.D.N.Y. 2013). The most complex type of FLSA case is the "'hybrid' action

brought here, where state wage and hour violations are brought as an 'opt out' class action Pursuant to Rule 23 in the same action as the FLSA 'opt in' collective action pursuant to 29 U.S.C. § 216(b)." *Ying*, 2025 WL 968586, at *14 (citing *Viafara v. MCIZ Corp.,* No. 12 CIV. 7452 (RLE), 2014 WL 1777438, at *11 (S.D.N.Y. May 1, 2014)). Thus, the second factor also favors approval of attorney's fees.

Third, this does not appear to have been a particularly risky litigation. In most cases, obligations under the FLSA and NYLL are relatively clear, and liability turns on factual issues. There was no dispute that Defendants owed sums to Plaintiffs. Def's. Mem. Supp. at 18. Defendants did not assert affirmative defenses, deny material allegations, or oppose Plaintiffs motion for settlement. *See generally* Compl. Class Counsel argues the litigation was risky because they took the case on a contingency. Pl's. Mem. Supp. at 6-7. However, contingency risk is not the exclusive factor courts should consider in their determination of fees. *See Viafara*, 2014 WL 1777438, at *11 (citing *In re Dreyfus Aggressive Growth Mut. Fund Litig.,* No. 98 CV 4318 (HB), 2001 WL 709262, at *6 (S.D.N.Y. June 22, 2001)). Therefore, the risk of litigation does not favor approval of attorney's fees.

Fourth, as to the quality of representation, Class Counsel's firm(s), Anderson Dodson, P.C., and Virginia & Ambinder, LLP, have extensive experience litigating collective wage and hour litigation in this district. Pl's. Mem. Supp. at 7. Lead counsel has significant experience with wage and hour actions, with Llyod Ambinder litigating "500 wage and hour cases", and Penn Dodson noting she has been working in employment law, in various capacities, since 1994. Ambinder Dec. Supp. at ¶ 7; Dodson Dec. Supp. at ¶ 5-9. In both their submissions and appearances before this Court, Class Counsel has acted professionally and competently. Accordingly, the quality of representation favors approval of a fee award.

Finally, the factor of public policy also favors approval of attorneys' fees because "FLSA and NYLL are remedial statutes designed to protect the wages of workers." *Ying*, 2025 WL 968586, at *14 (citing *Viafara*, 2014 WL 1777438, at *13). Further, class actions safeguard public rights by ensuring plaintiffs have a realistic day in court, one they may not have had they brought claims individually. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. at 809 (1985).

Thus, considering all of the *Goldberger* factors, the Court finds that the award of $742,500.00 in attorneys' fees is reasonable.

## II. Lodestar Cross-Check

Although the general trend in the Second Circuit is toward the percentage-of-recovery method, the lodestar remains a useful "cross check" on the reasonableness of the requested percentage. *Goldberger*, 209 F.3d at 50.

The lodestar is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 238 (E.D.N.Y. 2025). A court must first determine a reasonable hourly rate for the legal services performed, and then determine the reasonableness of the hours expended by counsel. *See Metro-N.R.Co.*, 658 F.3d at 166. Here, Class Counsel spent about 2,497.62 attorney and support staff hours on this litigation, leading to a lodestar calculation of $464,330.58. Pl's. Mem. Supp. at 14. This amounts to a lodestar multiplier of 1.599, which is lower than the lodestar multipliers typically awarded in this Circuit. *Id.; see Beckman,* 293 F.R.D. at 481-82 (collecting cases showing courts awarding lodestar multipliers between two and eight).

However, as discussed below, the record shows that some of the requested hourly rates and hours should be reduced. Accordingly, the Court will calculate its own lodestar and use that amount in determining a reasonable multiplier.

*A. Hourly Rate*

To determine a reasonable hourly rate, courts consider the market rates prevailing in the district for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Ying*, 2025 WL 968586, at *15. In the Eastern District, reasonable rates currently range from "$450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals." *Rubin*, 763 F. Supp. 3d at 244.

Class Counsels' hourly rates for partners and associates are reasonable. Class Counsel requests that partner Penn Dodson be awarded an hourly rate of $450, Christoper Anderson $475, Lloyd Ambinder $550, Michele Moreno $350, and Leonor Coyle $450. Ambinder. Dec. Supp. at 7; Dodson. Dec. Supp. at ¶ 69. Class Counsel further requests that associate Joel Goldenberg, Jenny Brejit, and Paige Piazza, be awarded an hourly rate of $275. Ambinder. Dec. Supp. at 7. These rates are consistent with the current market rates prevailing in the district. *Rubin*, 763 F. Supp. 3d at 244. Moreover, Class Counsel has submitted sufficient biographical information regarding each individual's background, education, and experience demonstrating these rates are reasonable. *See* Ambinder. Dec. Supp; Dodson. Dec. Supp. Thus, the hourly rates for partners and associates are reasonable.

Defendants contest the hourly rates of Class Counsel's legal support staff. Def's. Dec. Opp. at 7-11. This Court agrees that some of Class Counsel's hourly rates for support staff are high. In this District, reasonable hourly rates for legal support staff range from $100-$150. *Rubin*, 763 F. Supp. 3d 244.

Class Counsel requests that paralegal Ana Valereio be awarded an hourly rate of $125, Ines Cruz $125, Callyn Carter $125, Jess Valez $175, Tara Hodges $175, Lucy Espinal $195, Frankie

Brown $150-$195[1], and Jessica Balint $195.  Dodson Billing Entries, ECF 161-2.  Class Counsel further requests that law clerk Will Castelli be awarded a rate of $200-$195. *Id.*  The hourly rates for Valez, Hodges, Espinal, Brown, Balint, and Castelli are higher than those typically awarded for legal support staff. *See Rubin*, 763 F. Supp. 3d 244 (holding the reasonable hourly rates for legal support staff are $100-$150); *Escobar v. Mahopac Food Corp.,* No. 19-CV-00510 (FB) (JRC), 2025 WL 934906, at *17 (E.D.N.Y. Mar. 5, 2025) ("Courts in this District have held reasonable hourly rates in FLSA cases to be . . . $60-$80 for legal support staff.").  Moreover, the biographical information provided by Class Counsel does not present any argument explaining why the higher rates are reasonable.  *See* Dodson. Dec. Supp. ¶ 14-25. ; *Gesualdi v. Bestech Transport, LLC,* No. 14-CV-1110 (JS) (ARL), 2022 WL 866853, at *3–4 (E.D.N.Y. Mar. 23, 2022) (noting it is the moving party's burden to provide the Court with biographical information to support the reasonableness of the rates); *Cabrera v. Schafer,* No. CV-12-6323 (ADS) (AKT), 2017 WL 9512409, at *11 (E.D.N.Y. Feb. 17, 2017) ("[S]hort [biographical] descriptions provide the Court with a very generalized view of the asserted experience" allowing the Court to use its discretion when setting a reasonable hourly rate).    Regarding Will Castelli, Class Counsel fails to provide any biographical information whatsoever. Dodson. Dec. Supp. ¶ 14-25; *see Geusaldi*, 2022 WL 866853, at *3-4; *Cabrera*, 2017 WL 9512409, at *11.  Thus, the Court reduces all paralegal and law clerk hourly rates to $125, consistent with the prevailing market rates in this District. *Rubin,* 763 F. Supp. 3d 244.

Class Counsel requests data entry associates be awarded a rate of $175, and forensic accountants $290.  CITE.  However, the biographical information provided does not justify a

---

[1] Frankie Brown's hourly rate is inconsistent.  Brown has billed numerous hours at either a rate of $150, $175, or $195.  Dodson Billing Entries, ECF 161-2.  No other paralegal, or legal support staff, bills at different hourly rates.  Class Counsel fails to account for why Brown's hourly rate changed, or why Class Counsel should be awarded the higher rate.

higher billing rate for data entry associates and forensic accountants than the rate typically awarded for paralegals. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 298 & n. 10 (1989) (describing paralegal work, which might include "compil[ing] of statistical and financial data"); *Cabrera*, 2017 WL 9512409, at *11. Thus, the data entry associates' and forensic accountants' hourly rate is reduced to $125.00.

Further, Class Counsel requests freelance data workers be awarded rates of $95 to $495. Describing data entry as "drudgery", Class Counsel hired freelance data workers on Upwork because the work "simply would not have been feasible for the ADPC firm." Dodson Reply at 6. Upwork is an online platform that allows businesses and individuals to hire freelancers to complete a variety of tasks. *See* Hayden Brown, About Us, https://www.upwork.com/about. Class Counsel paid each freelancer a rate between $3 and $7, for a total of $7,095.33. Def's. Mem. Opp. at 4. Defendants argue Class Counsel "should recover only the actual costs it paid to [the data] freelancers, not the marked-up rates that [Class Counsel] seeks". *Id.* This Court agrees.

Class Counsel fails to provide biographical information about the data workers, or information showing the firm incurred any overhead costs from hiring these freelancers.[2] *Mahopac Food Corp.*, 2025 WL 934906, at *17 (collecting cases where rates were reduced because of a lack of adequate biographical information); *See* Def's. Mem. Opp. at 4 (providing evidence the data workers were freelancers). In support of their hours, Class Counsel equates hiring non-legal, freelance staff with contracting temporary attorneys, less costly associates, or even contract paralegals. Dodson Reply at 3-6. Yet, Class Counsel fails to cite any cases

---

[2] Class Counsel cites to *Bray v. N.Y. Gypsum Floors Inc.,* No. 7:21-CV-2340 (AEK) as an example of this Court awarding data workers a rate of $100. Dodson Reply at 5-6. However, in *Bray*, ADPC incurred overhead costs from employing the data workers. *Bray v. N.Y. Gypsum Floors Inc.,* No. 7:21-CV-2340 (AEK); *Id.* Here, ADPC has incurred no such costs. This is the only conclusion the Court can draw, as ADPC provided no information regarding the freelancers.

demonstrating an instance where the Court has awarded attorney or paralegal rates to temporary, non-legal, staff. *See e.g., Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 318 F.R.D. 19, 26 (S.D.N.Y. 2016) (declining to award a rate of $350.00 for legal work performed by legal associates that were hired temporarily); *Carlson v. Xerox Corp.*, 596 F. Supp. 2d 400, 409 (D. Conn.), aff'd, 355 F. App'x 523 (2d Cir. 2009) (discussing the hourly rates of temporary legal staff, contract attorneys); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 783–85 (S.D. Tex. 2008) (describing the rationale for allowing attorneys to charge market rate for contracted attorneys, law clerks, and paralegals); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 272 (D.N.H. 2007) (holding that legal work done by contract attorneys and paralegals are compensable at market rates as part of attorneys' fees). Thus, Class Counsel shall be reimbursed for the expense of the freelance data entry workers as a cost, rather than a "fee." *See Dial Corp. v. News Corp.*, 317 F.R.D. 427, 438 (S.D.N.Y. 2016) (encouraging courts to treat contractor fees as an expense).

### *B. Reasonable Hours Expended*

Next, this Court must determine whether the hours billed were reasonable. *See Metro-N.R.Co.*, 658 F.3d at 166. When the lodestar is used as a cross-check, "the hours documented by counsel need not be exhaustively scrutinized by the district court." *Goldberger*, 209 F.3d at 50. Class Counsel submits that counsel and their support staff have spent "more than 2,497.62 hours prosecuting this case through settlement," which does not include future hours working on settlement distribution. However, Class Counsel erroneously includes in their calculation 1,353.6 hours of work performed by freelance data workers. The freelancers' hours shall not be considered for purposes of calculating the lodestar. Thus, Class Counsel's total hours expended will be reduced to 1,143.6.

A careful review of Class Counsel's contemporaneous billing records shows that the hours expended are reasonable.[3] Overall, the records reflect the various reasonable tasks that Class Counsel had to complete to litigate this case and prepare for settlement. For instance, Class Counsel engaged in communications with their clients, drafted agreements and court documents, engaged in legal strategy, and mediation. Ambinder, Dec. Supp. at ¶5-6; Dodson, Dec. Supp. at ¶6, 8, 26-68. Therefore, the Court finds that Class Counsel's number of hours expended, 1,143.6, is reasonable.

Multiplying the reduced hourly rates and the hours expended, the Court finds that the adjusted lodestar should be $293,256.58 as opposed to Class Counsel's calculation of $464,330.58.

*C. Costs*

Class Counsel requests costs and expenses in the amount of $13,813.32 ($10,969.26 Virginia & Ambinder + $2,844.06 Anderson Dodson). Courts allow counsel to recover reasonable out of pocket expenses. *Paulino v. S & P Mini Market Corp.*, No. 22-CV-8724 (GWG), 2025 WL 1860266, at *8 (S.D.N.Y. July 7, 2025); *Viafara v. MCIZ Corp.*, No. 12-CV-7452 (RLE), 2014 WL 17777438, at *15 (S.D.N.Y. Ap. 30, 2014). Class Counsel's out-of-pocket expenses include filing fees, mediation fees, LexisNexis and Westlaw fees, travel expenses, and third-party costs. Ambinder Dec. Supp. at 7; Dodson Billing Entries at 84. The bulk of these costs were incurred from Class Counsel's mediation fees. *See* Ambinder Dec. Supp. at 7. The amount is consistent with this Court's experience and knowledge of the costs of mediation. *See Flores,* 2022 WL 13804077, at *10 (awarding costs for, *inter alia*, mediation fees). Accordingly, Class Counsel's requested costs and expenses are reasonable.

---

[3] Defendants contest numerous billing entries where Class Counsel has "beautified" documents, heavily billed .1 and .2 hours on the matter, and billed for purely clerical tasks like "updating contact information" and "reviewing the matter." Def's. Dec. Opp. at 12-16. The Court notes this type of billing practice is questionable. However, in light of the 1,353.6-hour reduction, the Court finds the billing entries, on the whole, reasonable.

Class Counsel's expenditure on freelance data entry workers shall be reimbursed as a cost. Absent any supporting documentation regarding the nature of the freelancers' work, their education, or experience, the Court must use its discretion in determining a reasonable cost. *Greenburger v. Roundtree*, No. 17-CV-03295 (PGG) (SLC), 2020 WL 6561598, at *14 (S.D.N.Y. Jan. 16, 2020) (noting Plaintiffs must provide supporting documentation to be awarded costs); *Berenice Diego Sevilla, et al. v. Nekasa Inc, et al.*, No. 16-CV-2368 (AJP), 2017 WL 1185572 at *6 (S.D.N.Y. Mar. 30, 2017) (collecting cases where the Court has refused to award costs absent any supporting documentation). Based on the vague information in Class Counsel's billing entries, it appears that these freelancers engaged in data processing, a task that e-discovery vendors routinely provide. *See 28th Highline Associates, LLC v. Iain Roache*, No. 18-CV-01468 (VSB) (KHP), 2019 WL 10632851, at *6 (S.D.N.Y. July 29, 2019) (reimbursing expenditures for e-discovery vendors who processed and stored data). Thus, Class Counsel will be reimbursed the $7,095.33 out-of-pocket expense they paid the freelancers, a sum consistent with other awards in this Circuit. *See Match Group, LLC v. Beazley Underwriting Ltd.*, No. 22-CV-4629 (LGS) (SLC), 2023 WL 9603886, at *10 (S.D.N.Y. Dec. 21, 2023) (collecting cases where courts have awarded e-discovery costs ranging from $13,000 to $40,000).

Accordingly, the Court awards costs in the amount of $20,908.65.

*D. Applying Lodestar Multiplier*

Adding together Class Counsel's adjusted attorneys' fees and costs ($314,164.58) and multiplying that by the earlier lodestar multiplier of 1.599, the Court finds Class Counsel would be entitled to $502,349.16 in attorneys' fees and costs. However, as noted earlier, such a multiplier is lower than the lodestar multipliers typically awarded in this Circuit. *See Metro-N.R.Co.*, 658 F.3d at 166*; see Beckman,* 293 F.R.D. at 481-82 (collecting cases showing courts awarding

lodestar multipliers between two and eight). Therefore, given the reasonability of the requested fees in relation to the settlement fund coupled with the contingency of the litigation and that most *Goldberger* factors favor Class Counsel, the Court is within its discretion to raise Class Counsel's lodestar multiplier to reflect their requested fee amount of $742,500.00. *See Goldberger*, 209 F.3d at 47 ("[o]nce that initial computation has been made, the district court may, in its discretion, increase the lodestar by applying a multiplier based on "other less objective factors," such as the risk of the litigation and the performance of the attorneys") (citation omitted); *see also In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("[i]n contingent litigation, lodestar multiples of over 4 are routinely awarded by courts."). Therefore, the Court raises Class Counsel's lodestar multiplier to 2.36 (742,500.00 / 314,164.58 = 2.36) and awards Class Counsel attorneys' fees and costs in the amount of $742,500.00.

## CONCLUSION

For the reasons set forth above, the Motion for Attorneys' Fees is GRANTED. The Court awards Class Counsel $742,500.00 in attorneys' fees and costs.

**SO ORDERED.**

                                                                   /s/
                                            Steven L. Tiscione
                                            United States Magistrate Judge
                                            Eastern District of New York

Dated: Central Islip, New York
       September 23, 2025